UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**JUSTIN W. LOGSDON,**

    **Defendant.**

Case No. 2:16-cr-160(1)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

Currently pending before the Court is Defendant Justin W. Logsdon's Motion for Compassionate Release, (ECF No. 212), as supplemented by counsel (ECF No. 214). The Government responded in opposition. (ECF No. 215). For the following reasons, Logsdon's Motion for Compassionate Release (ECF No. 212), as supplemented (ECF No. 214), is **DENIED.**

**I.**

Logsdon is currently serving a 65-month sentence in the Custody of the Bureau of Prisons. On October 19, 2020, Logsdon requested compassionate release from the warden of his prison. On January 15, 2021, Logsdon received the first injection of his COVID-19 vaccination. (ECF No. 215-2). On February 11, 2021, Logsdon received the second injection of his COVID-19 vaccination. (*Id.*) On May 5, 2021, Logsdon moved this Court for compassionate release, citing his underlying health conditions combined with the COVID-19 pandemic as an extraordinary and compelling reason for his release.

**II.**

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other

hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 1003–04 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 978 F.3d at 1004. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 1005. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the

motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 978 F.3d at 1005. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Logsdon moves for a compassionate release to home confinement. Because Logsdon submitted a request for compassionate release to the Warden on October 19, 2020, more than thirty (30) days have passed and the Court has the authority to decide his motion for compassionate release. Logsdon submits that due to his medical conditions the COVID-19 Pandemic poses him a particularized threat and is an extraordinary and compelling reason for relief. However, Logsdon is now fully vaccinated. Accordingly, the Court finds that the COVID-19 Pandemic is not an extraordinary and compelling reason for Logsdon's release.

### IV.

For the reason stated above, Justin W. Logsdon's Motion for Compassionate Release, (ECF No. 212), as supplemented by counsel (ECF No. 214), is **DENIED**.

**IT IS SO ORDERED.**

**8/2/2021**                                s/Edmund A. Sargus, Jr.
**DATE**                                    **EDMUND A. SARGUS, JR.**
                                            **UNITED STATES DISTRICT JUDGE**